# IN RE FULLAGAR.

---

## IN RE SAME.

---

PATENTS; APPEAL AND ERROR; INTERFERENCE.

1. The jurisdiction of this court to entertain appeals from the Commissioner of Patents is limited to two classes of cases, namely:  (1) Where the claims of the applicant for a patent, or the reissue of a patent, after having been twice rejected, have been finally rejected on an appeal to the Commissioner; and (2) where, on an appeal to the Commissioner in an interference proceeding, there has been a final decision of priority in favor of one of the parties.  (Following *Westinghouse* v. *Duncan*, 2 App. D. C. 131; *Allen* v. *United States*, 26 App. D. C. 8; *Union Distilling Co.* v. *Schneider*, 29 App. D. C. 1.)

2. The right of either party to an interference to make the claim of the interference may be urged and brought up to this court on an appeal from the Commissioner of Patents as an ancillary question necessarily involved in that of priority.  (Following *Podlesak* v. *McInnerney*, 26 App. D. C. 399.)

3. Where the effect of a decision of the Commissioner of Patents in an interference proceeding is to set aside the allowance of the application of one of the parties as an entirety, and to dissolve the interference, no award of priority being made in favor of the other party, the latter has no right to appeal to this court, and has no standing as a party to an appeal taken by the first party, entitling him to move that the docket entry of the appeal be changed and that the appeal be dismissed. (Citing *United States ex rel. Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464.)

4. Where the Commissioner of Patents, by his decision in an interference proceeding, in effect rejects the application of one of the parties, without an award of priority to the other party, and the former appeals to this court, the appeal must be treated as an *ex parte* appeal from a decision rejecting an application for a patent; and the court will, of its own motion, dismiss the appeal for want of jurisdiction, where the record shows that the application was not twice rejected before the appeal was taken, as the statute relating to applications for patents requires, and the statute was not otherwise complied with.

Nos. 554 and 555. Patent Appeals. Submitted November 21, 1908. Decided December 7, 1908.

HEARING on appeals from a decision of the Commissioner of Patents rejecting certain claims in two reissue applications, and dissolving certain interference which had been declared. *Appeal dismissed.*

The COURT in the opinion stated the facts as follows:

While separately docketed, these cases were heard together in the Patent Office as involving substantially the same questions. They have been brought up in one transcript of the record, and are to be heard thereon, at the same time, in this court.

W. L. R. Emmet, who was a party to each interference with Hugh Francis Fullagar, has filed two motions. The first is to change the docket entry so as to read, "Hugh Francis Fullagar, Appellant, v. W. L. R. Emmet, Appellee," and to permit him to be recognized as a party. The second is to dismiss the appeals.

The complicated history of the proceedings in the Patent Office, culminating in the decisions appealed from, is set forth in the Commissioner's decision as follows:

"This interference, together with a companion interference, No. 27,622, is before me upon appeal from a decision of the Examiners-in-Chief affirming the action of the Primary Examiner dissolving these interferences upon the ground that Fullagar has no right to reissue his former patents upon the applications involved in these interferences.

"The record of the applications involved in this interference shows that on February 24, 1902, Emmet filed the application involved in this interference. On April 18, 1901, Fullagar filed an application, No. 56,462, which became a patent, No. 696,867, April 1, 1902. On November 8, 1904, he filed a reissue application upon which reissue patent No. 12,317 was granted February 14, 1905. On October 31, 1906, Fullagar filed the application involved in this interference, which is for the reissue of his reissue patent No. 12,317, or, in other words, is for a second reissue of his original patent, No. 696,867.

"On September 16, 1901, Fullagar filed an application No. 75,651 upon which patent No. 746,061, was granted December 8, 1903. On January 7, 1907, he filed an application, No. 351,258, for the reissue of this patent, which application is involved in the companion interference.

"The record shows that on May 12, 1903, an interference, No. 22,666, was declared between the original application of Fullagar, No. 75,651, and the application of Emmet involved in the present interference. That interference was subsequently dissolved upon the ground that the claim in issue was not readable on Fullagar's disclosure. In view of the fact that the parties at this time did not make claims to the same invention, patent No. 746,061 was granted to Fullagar. Emmet then inserted in his application a claim corresponding to claim 16 of the Fullagar patent, and interference No. 23,802 was declared May 31, 1904. Testimony was taken in this interference, and a decision was rendered by the examiner of interferences, awarding priority to Fullagar. This decision was reversed by the Examiners-

in-Chief on appeal, and priority of invention was awarded to
Emmet.  Appeal was taken to the Commissioner of Patents,
who, in a decision affirming the decision of the Examiners-in-
Chief, rendered July 21, 1906, stated that:

" 'It is found that Fullagar's original application did not dis-
close the complete invention of the issue, and therefore Fulla-
gar has no right to the claim forming the issue of this interfer-
ence.  For this reason Emmet is entitled to the award of prior-
ity.'

"Soon after the decision of the Commissioner, Fullagar filed
application No. 341,509, for the reissue of his first patent, No.
686,867, and inserted therein the claims forming the complete
subject-matter of the two interferences now before me.  Fulla-
gar's claim of this application, corresponding to count 4, was
subsequently incorporated in his other reissue application, No.
351,285, and interference No. 27,362 was declared May 23,
1907, embodying this claim and including both of Fullagar's
reissue applications.

"Motions to dissolve were brought by Emmet in both inter-
ferences upon several grounds, including, first, the insufficiency
of Fullagar's oath to excuse the delay between the grant of his
original patents and the date upon which he filed the respective
reissue applications; second, that intervening rights had ac-
crued against a grant of a reissue of the patents to Emmet; and,
third, that Fullagar had no right to make the claim correspond-
ing to count 4 of this interference in his original application,
because the invention defined is indivisible from the invention
claimed in his patent No. 696,867.  The Primary Examiner
granted the motion as to the first and second grounds, but denied
it as to the third.  Upon appeal the Examiners-in-Chief af-
firmed the action of the Examiner in respect to the first ground,
holding that the specification of errors in the Fullagar oaths
did not justify the allowance of the appealed claims to him
"either as establishing 'inadvertence, accident, or mistake,' of
excusing his delay."  They, however, reversed the decision of
the Examiner as to the ground of intervening rights.  Fullagar

has appealed from the decision of the Examiners-in-Chief affirming the decision of the Primary Examiner, and Emmet has also filed an appeal from the decision of the Examiners-in-Chief holding that no intervening rights had accrued which would bar the grant of the reissue patents to Fullagar.

"Emmet's appeal has no standing, whether it be considered an appeal from a favorable decision or an appeal from the reasons which are the basis of a decision in his favor, even though such reasons in part are adverse to him. Rule 124. *Breul* v. *Smith,* 84 Off. Gaz. 809. Emmet's appeal is therefore dismissed.

· "In respect to Fullagar's appeal, the only question before me is as to the sufficiency of the Fullagar oaths to warrant the granting to him of reissue patents containing the claims in controversy."

After stating this single issue, the Commissioner proceeded to consider whether Fullagar's applications for reissue, founded on inadvertence, accident, or mistake, had been filed within a reasonable time. After reviewing the questions of law and fact involved, he said:

"I do not find in the oaths to the Fullagar applications, either the original or his supplemental oath, which was permitted to be incorporated in the Fullagar cases after the first decision upon the motion for dissolution had been rendered by the Examiner, any sufficient grounds to excuse the long delay which intervened between the allowance of Fullagar's original interference and the date of filing of his original application. It appears that in the first instance Fullagar intentionally omitted presenting claims commensurate in scope with the present interference, in view of certain alleged information concerning an. invention of one Rateau; and he avers that he did not,. until recently, discover that Rateau's invention did not preclude him from broadly claiming the structure set forth in his application. It does not appear, however, why Fullagar might not have obtained the same information he now possesses at the time he applied for his first reissue.

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

"A careful review of the authorities cited by counsel fails to disclose any case in which a reissue application was allowed or a reissue patent held valid where the reissue applicant, having knowledge of the broader claims of his opponent to the invention, neglected to assert such claims until more than two years after the granting of his original patent. Upon the contrary, it appears that, where an applicant for reissue asserted broader claims than those comprehended in his original patent, the failure to assert such claims within two years from the date of his patent was not excused unless caused by some special reason which could not have been foreseen, or could not have been avoided by the exercise of reasonable diligence.

"I therefore fully concur with the reasons and the conclusion ably stated by the Examiners-in-Chief, that the verified showing made in support of Fullagar's reissue applications is insufficient to warrant the granting of reissue patents to him, and that these interferences should be dissolved upon the ground that Fullagar has no right to the claims in issue.

"The decision of the Examiners-in-Chief is affirmed."

It is from this decision that the appeal has been prosecuted by Fullagar, who caused it to be docketed as an *ex parte* appeal.

Mr. *Thomas F. Sheridan* and Mr. *George L. Wilkinson* for the appellant.

Mr. *Richard N. Dyer* and Mr. *L. S. Bacon* for W. L. R. Emmet, one of the parties to the interference.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Under the practice of this court the Commissioner is permitted to appear by counsel in *ex parte* appeals. His counsel concurs in the motion of Emmet to change the docket entry, and to be recognized as appellee, contending that he is a proper party to the appeal.

The jurisdiction of this court to entertain appeals from de-

cisions of the Commissioner of Patents, in proceedings relating
to patents, is limited to two classes of cases. The first is where
the claims of an applicant for a patent or the reissue of a
patent, after having been twice rejected, have been finally re-
jected on an appeal to the Commissioner in due course of pro-
cedure. The second is where, on an appeal to the Commission-
er in an interference proceeding, there has been a final decision
of priority in favor of one of the parties thereto. Rev. Stat.
secs. 4909–4911, U. S. Comp. Stat. 1901, pp. 3390, 3391;
*Westinghouse* v. *Duncan,* 2 App. D. C. 131, 132; *Allen* v. *Unit-
ed States,* 26 App. D. C. 8, 17, 26; *Union Distilling Co.* v.
*Schneider,* 29 App. D. C. 1. The case last cited arose under
sec. 9 of the trademark act approved February 20, 1905, in
an interference case between applicants for the registration of
trademarks, the procedure in which is similar to patent inter-
ferences.

The question for determination on this motion is whether
these appeals come within either of the above-named classes.

The recital of the Commissioner's decisions shows that in-
terferences were declared between reissue applications of Ful-
lagar and original applications of Emmet, in which motions to
dissolve were made by each party. Fullagar's motions were
denied by the Primary Examiner to whom they were referred,
and Emmet's were sustained on two grounds. Fullagar ap-
pealed to the Examiners-in-Chief, who differed with the Pri-
mary Examiner on all points save one, but affirmed his deci-
sion on the ground that Fullagar's showing of inadvertence,
accident, or mistake was insufficient, and failed to excuse his
long delay of more than two years in each case. On appeal by
both parties to the Commissioner, as shown by his decision, he
dismissed Emmet's appeal as without foundation, and affirmed
the decision of the Examiners-in-Chief as to Fullagar. He also
stated, it is true, that Fullagar had no right to make the claims;
but this remark is evidently as a result of the conclusion that
Fullagar had failed to show that he had come within the re-
quirements for reissue. Had he held that Fullagar had made a
sufficient showing for reissue, and then decided that he had no

right to make the claims of the interference, because not disclosed in his application, he would necessarily have awarded priority to Emmet. *United States ex rel. Newcomb Motor Co. v. Moore,* 30 App. D. C. 464. The latter's application having been allowed, and Fullagar having been put out of the case, there would remain nothing else to do.

It is now settled that the right of either party to make the claim of the interference issue may be urged, and brought up as an ancillary question necessarily involved in that of priority. *Podlesak* v. *McInnerney,* 26 App. D. C. 399, 405. In that case it was said by Mr. Justice Duell: "The question of the right of a party to make a claim goes to the very foundation of an interference, for, if a party has not such right, the interference falls. If it be incorrectly held that such party has a right to make the claim, priority may be awarded to him, and his adversary be deprived of a substantial right in that he is not given a claim where he necessarily is the prior inventor, his adversary never having made the invention. Manifestly that question should not be finally determined by the Primary Examiner who originally declared the interference. We therefore take the jurisdiction to determine that question in this case as an ancillary question to be considered in awarding priority of invention."

If the Commissioner had decided that Fullagar was not entitled to make the claim under his application, and had, in consequence, awarded priority to Emmet, Fullagar would have the right to appeal, bringing Emmet up for a final adjudication of the question of priority in this court. Instead of so deciding, the effect of his decision was to set aside the allowance of Fullagar's application as an entirety, and dissolve the interference. No award of priority was made in favor of Emmet. He was not declared entitled to the patent, nor was his application rejected. He had nothing from which he could appeal. All that was left to him was to renew his demand for a patent, *ex parte,* which will be ultimately allowed, there being no ground for further declaration of interference with Fullagar, unless some additional reference be found to bar his right. As there was no

final decision in Emmet's favor, it follows that Fullagar could not bring him before this court by an appeal. If Fullagar has any right to appeal at all, it is by way of an *ex parte* appeal under sec. 4911, Rev. Stat., on the ground that the decision is in fact the final rejection of his application.

We are clearly of the opinion that Emmet, then, has no standing in this court as a party to the appeal, and his motion to appear and have the docket entry changed must be denied. It follows, therefore, that he has no right to move to dismiss Fullagar's appeal.

But Fullagar's right to appeal *ex parte* from the Commissioner's decision involves a question of jurisdiction which the court must consider of its own motion.

It is not pretended that this is a regular *ex parte* proceeding upon an application for a patent that has been rejected. Instead of being rejected it was allowed by the Primary Examiner, and might have proceeded to issue had there been no interference with another allowed application. It came before the Commissioner in that interference, and the right to appeal is founded on the character and effect of his decision therein. But we cannot recognize the right of the Commissioner, if he so intended, to convert an interference case into an ordinary proceeding by one party upon an application for a patent, which he concludes to reject without an award of priority to the other party. The statute prescribes the procedure in the case of an application for a patent and for the reissue of a patent. If the application be rejected by the Primary Examiner, he must give notice of the same, with the grounds of his rejection, to the applicant, who has the right to answer the objections, or obviate them if possible, and to persist in his application. In that event he is entitled to a re-examination of his application. Rev. Stat. sec. 4903, U. S. Comp. Stat. 1901, p. 3389. He has no right to appeal from the first rejection, but must await the re-examination and a second rejection thereafter. Of course, no interference can be declared in such a case until there has been an allowance.

After the second rejection he can appeal to the Examiners-

in-Chief and in succession to the Commissioner and to this court. Rev. Stat. secs. 4909–4911. The conditions of the statute conferring the right of appeal must be observed, and the procedure it prescribes must govern the proceedings throughout.

As the proceedings in this case are not in compliance with the statute, we are constrained to hold that this court has no jurisdiction of the appeal.

Upon the return of the case to the Patent Office, Fullagar will be entitled to have his application remanded for re-examination; and, if again rejected, he will be entitled to his successive appeals, in due course, if it should become necessary to resort thereto.

In accordance with these views, the appeals will be dismissed. It is so ordered, and that this decision be certified to the Commissioner of Patents as the statute requires. *Dismissed.*